IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| LINDSEY PALMER, *et al.*,<br>　　Plaintiffs,<br><br>　　　　v.<br><br>NATIONWIDE PROPERTY AND<br>CASUALTY INSURANCE<br>COMPANY, *et al.*,<br>　　Defendants. | )<br>)<br>)<br>)　Civil Action No. 2:19CV403 (RCY)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

This matter comes before the Court on two motions: (1) Defendants Nationwide Property and Casualty Insurance Company and Nationwide Mutual Insurance Company's (collectively "Nationwide" or "Defendants") Motion for Summary Judgment (ECF No. 29); and, (2) Plaintiffs Lindsey Palmer and Alistair Philbert's ("Plaintiffs") Motion for Summary Judgment. (ECF No. 33.) The parties filed these motions pursuant to Federal Rule of Civil Procedure 56(a). These matters are ripe for disposition.

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[1] For the reasons stated below, the Court GRANTS Defendants' Motion for Summary Judgment. Accordingly, the Court DENIES Plaintiffs' Motion for Summary Judgment as moot.

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Philbert and Palmer are citizens of Virginia, and Nationwide is an Ohio corporation with its home office in Ohio. Plaintiffs' Complaint for Declaratory Judgement seeks a declaratory judgment requiring Nationwide to provide coverage for what Plaintiffs allege was a loss in an amount exceeding $75,000.00. (Notice of Removal ¶¶ 7, 8, 14, ECF No. 1; Compl., ECF No. 1-1.)

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs bring their Complaint for Declaratory Judgment seeking a judgment requiring Defendants to provide coverage for Plaintiffs' losses caused by a car accident.

**A. Factual Background[2]**

<u>1. Car Accident on January 12, 2018</u>

On January 12, 2018, a car accident occurred in Norfolk, Virginia. (Br. in Supp. of Defs.' Mot. for Summ. J. at 1, ECF No. 30.) The car in question was driven by Dalton Minyard ("Minyard"), who at the time was 17 years old and did not have a driver's license; he only had a learner's permit. (*Id.* at 1, 5-6.) The owner of the car, Celia Ravelo ("Ravelo"), was 19 years old and in the passenger seat. (*Id.* at 1.) Two other passengers, Lindsey Palmer and Alistair Philbert, were in the rear of the car. (*Id.*)

The group was headed home from a party the night of the accident. (*Id.* at 3.) Ravelo had driven the group to the party, but she did not want to drive home because it was raining heavily, and she did not like to drive in the rain. (*Id.*) She asked the group if anyone could drive. (*Id.*) Minyard claimed to have a driver's license and said he could drive the vehicle. (*Id.*) Minyard also had previously told Ravelo that he was 19 years old. (*Id.*) Minyard was in violation of the restrictions imposed by his learner's permit, as the front seat passenger was not an adult over 21 years old, and he had multiple passengers in the car that were under 21 years old. (*Id.* at 1.)

---

[2] Plaintiffs have failed to comply with Local Rule 56(B), which requires the non-moving party to include, in their Brief in Opposition, a "specifically captioned section listing all material facts as to which it is contented that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute." E.D. Va. Loc. R. 56(B). Plaintiffs' Brief in Opposition contains no such section. (Mem. in Opp'n to Defs.' Mot. for Summ. J.) Since the Plaintiffs have failed to comply with Rule 56(B), the facts set forth by the Defendants will be deemed admitted for purposes of summary judgment. *See Brown v. Serenity C & C, Inc.,* 391 F. Supp. 3d 546, 551-52 (E.D. Va. 2019); *McCarty v. Norfolk Southern Ry. Co.*, No. 2:18cv21, 2019 U.S. Dist. LEXIS 231248 at *23 (E.D. Va. Feb. 7, 2019). All inferences will still be drawn in favor of the non-moving party. *See King v. Smith*, No. 3:12cv12, 2014 U.S. Dist. LEXIS 174302, at *12-13 (E.D. Va. Dec. 16, 2014).

Minyard was also driving after the 11 p.m. curfew, for individuals under 18 years old, that Norfolk and Virginia Beach had in place. (*Id.*)

Minyard, driving at a high rate of speed in the rain, crashed the car into a jersey wall. (*Id.* at 3.) After the crash, he fled the scene. (*Id.*)

2. Pertinent Policy Provisions

There are three insurance policies discussed in this case. One is a Nationwide personal automobile insurance policy, numbered 5345V656658, that has William Minyard and Shelby Minyard, Dalton Minyard's parents, as the named insureds. (*Id.* at 13.) Under the Liability Coverage of the policy, the definition of "insured" includes "any family member." (Ex. P. to Br. in Supp. of Defs.' Mot. for Summ. J. at 16, ECF No. 30-16.) This policy also contains a provision stating, "We do not provide Liability Coverage for any insured . . . [u]sing a vehicle without a reasonable belief that that insured is entitled to do so" ("Exclusion A.8"). (Br. in Supp. of Defs.' Mot. for Summ. J. at 13; Ex. P. to Br. in Supp. of Defs.' Mot. for Summ. J. at 17.)

The second policy is a Nationwide umbrella policy, numbered 5345PU115667, that lists Shelby Minyard as the named insured. (Br. in Supp. of Defs.' Mot. for Summ. J. at 13.) In this policy, the definition of "insured" includes "[policy holder's] relatives" and "any other person under age 21 and in the care of [policy holder] or [policy holder's] relatives." (Ex. P. to Br. in Supp. of Defs.' Mot. for Summ. J. at 38). An exclusion in this policy states that liability coverage does not apply to "occurrence[s] arising out of the, [sic] ownership, maintenance, loading or unloading of; entrustment or negligent supervision by an insured of; or statutorily imposed liability of an insured of . . . a land motor vehicle, trailer or semi-trailer unless insurance is provided by a listed underlying policy." (Br. in Supp. of Defs.' Mot. for Summ. J. at 13; Ex. P.

to Br. in Supp. of Defs.' Mot. for Summ. J. at 41.)  Thus, the umbrella policy will only apply if the underlying automobile policy applies.

Although Minyard was not named on either of the Nationwide policies, he was a minor residing in the household of his parents.  Thus, he fell within the definition of "insured" under both of the relevant policy provisions.

The third policy is a United States Automobile Association ("USAA") policy that covered Ravelo and the vehicle involved in the accident. (Br. in Supp. of Defs.' Mot. for Summ. J. at 14.)  USAA has already settled with Plaintiffs. *Id.*

### 3. The Underlying Lawsuits in Virginia State Court

Palmer and Philbert both subsequently filed separate state court personal injury lawsuits against Minyard. (Br. in Supp. of Defs.' Mot. for Summ. J. at 4.)  Nationwide investigated the claims but, by way of an August 16, 2018 Denial Letter, denied defense and indemnity to Minyard because "Ravelo's vehicle was not an insured vehicle under the auto policy and because Dalton Minyard did not possess a reasonable belief that he was entitled to drive the vehicle." (*Id.* at 13.)  Nationwide added that its umbrella policy states that its excess liability coverage does not apply to "an occurrence arising out of the ownership, maintenance, or use of . . . a land motor vehicle. . . unless the occurrence is covered by a listed underlying policy which is shown in the Declarations." (*Id.* at 14.)  Ravelo's insurer, USAA, instead provided Minyard with a defense in the personal injury cases. (*Id.* at 4.)

Minyard confessed judgment in those cases "in exchange for an agreement between Palmer and Philbert not to enforce the judgments against [him]." (*Id.* at 4.)  On July 13, 2019, the Circuit Court for the City of Norfolk entered Confessed Judgments by Minyard for $300,000 in

4

the Palmer action and $1,000,000 in the Philbert action. (*Id*.) USAA paid its $50,000 policy limit in each case. (*Id.*)

**B. Procedural History**

Philbert and Palmer each filed a Complaint for Declaratory Judgment in the Circuit Court for the City of Norfolk on July 8, 2019. (*Id.* at 4.) Nationwide, William Minyard, and Dalton Minyard were named as defendants. Nationwide removed both actions to this Court on August 2, 2019, on the basis of diversity jurisdiction. (ECF No. 1.) After several motions from each side, the Court realigned the Minyard Defendants as Plaintiffs in order to achieve complete diversity. (ECF No. 13.) The Palmer and Philbert cases were consolidated on December 2, 2019. (ECF No. 15.)

Defendants filed their Motion for Summary Judgment on October 5, 2020. (ECF No. 29.) Plaintiffs filed their Response on October 19, 2020, and Defendants replied on October 26, 2020. (ECF Nos. 31, 32.) Plaintiffs then filed their Motion for Summary Judgment on October 28, 2020. (ECF No. 33), and Defendants filed their Response on November 12, 2020. (ECF No. 35). Plaintiffs replied on November 18, 2020 (ECF No. 36.)

## II. STANDARDS OF REVIEW

**A. Rule 56: Summary Judgment**

The Federal Rules of Civil Procedure provide the standard of review for this case. Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The Court need only consider the cited materials . . . ." Fed. R. Civ. P. 56(c)(3); *see Arvon v. Liberty Mut. Fire Ins. Co.*, No. 20-1249, 2021 U.S. App. 23318, at *7 (4th Cir. Aug. 4, 2021). The Court must determine "whether the evidence presents a sufficient

5

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986). The evidence must be viewed "in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002).

When both parties have moved for summary judgment, the Court must review "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Republic W. Ins. Co. v. Williams*, 212 Fed. App'x. 235, 237 (4th Cir. 2007). "The fact that both sides moved for summary judgment does not establish that there is no issue of fact and require that judgment be granted for one side or the other." *Am. Fid. & Cas. Co. v. London & Edinburgh Ins. Co.*, 354 F.2d 214, 216 (4th Cir. 1965).

**B. Insurance Contract Interpretation Under Virginia Law**

Under Virginia Law, insurance policies are interpreted "in accordance with the intention of the parties gleaned from the words they have used in the document. Each phrase and clause of an insurance contract should be considered and construed together and seemingly conflicting provisions harmonized when that can be reasonably done." *Seals v. Erie Ins. Exch.*, 674 S.E.2d 860, 862 (Va. 2009). Additionally, the rule in Virginia is "that where the language of an insurance contract is susceptible of two constructions, . . . it is to be construed strictly against the insurer and liberally in favor of the insured." *Nat'l Fire Ins. Co. v. Dervishian*, 145 S.E.2d 184, 187 (Va. 1965).

## III. ANALYSIS

### A. Exclusion A.8 is Ambiguous

As a preliminary matter, the Court must decide if the word "entitled" is ambiguous in Exclusion A.8, which states "we do not provide Liability Coverage for any insured . . . [u]sing a vehicle without a reasonable belief that that insured is entitled to do so." (*See* Br. in Supp. of Defs.' Mot. for Summ. J. at 13.)

There are three different potential interpretations of "entitled" in entitlement exclusions: (1) the driver must have been legally authorized to drive, (2) the driver must have had permission to drive from the owner or apparent owner of the vehicle, or (3) the driver must have had both legal authority and permission. *See Hurst v. Grange Mut. Cas. Co.*, 470 S.E.2d 659, 664 (Ga. 1996). This has led many courts to conclude that entitlement exclusions are ambiguous. *See, e.g., Cooper v. State Farm Mut. Auto. Ins. Co.*, 849 F.2d 496, 499 (11th Cir. 1988) (noting that reasonable minds can differ as to whether the legal right to drive is a prerequisite); *State Auto. Mut. Ins. Co. v. Ellis*, 700 S.W.2d 801, 803 (Ct. App. Ky. 1985) (holding that the provision was ambiguous); *Farm and City Ins. Co. v. Gilmore*, 539 N.W.2d 154, 157 (Iowa 1995) (finding that "entitled" could mean legal authority or permission or both). While some courts have found the term "entitled" to be unambiguous, those courts have settled on definitions across the spectrum. *See, e.g., Progressive N. Ins. v. Concord Gen. Mut. Ins. Co.*, 864 A.2d 368, 737 (N.H. 2005) (concluding that the entitlement exclusion was not ambiguous in its application and that an unlicensed driver with permission was not covered by the policy); *Allstate Ins. Co. v. United States Fid. & Guar. Co.*, 663 F. Supp. 548 (W.D. Ark. 1987) ("[T]he court finds that the [words] have an unambiguous meaning . . . . This court is convinced that it is its duty . . . to determine . . . not only

whether [the driver] believed that he was entitled (had permission) to drive . . . but whether that belief was reasonable.").

Since "entitled" is subject to multiple reasonable interpretations, the Court finds that it is ambiguous. Virginia courts have been "consistent in construing the language of [ambiguous policies], where there is doubt as to their meaning, in favor of that interpretation which grants coverage, rather than that which withholds it. Where two constructions are equally possible, that most favorable to the insured will be adopted." *PBM Nutritionals, LLC, v. Lexington Ins. Co.*, 724 S.E.2d 707, 713 (Va. 2012); *see Dervishian*, 145 S.E.2d at 187. Since the Court has determined that "entitled" is ambiguous, it must be construed in favor of the insured. As such, Minyard will be considered to have had a reasonable belief that he was "entitled" to drive if he had either legal authority to drive or permission to drive.

**B. Minyard did not Have a Reasonable Belief that He was Entitled to Drive**

In order to be covered by Exclusion A.8, Minyard needed to have a reasonable belief that he was "entitled" to drive. The Court finds that Minyard did not have a reasonable belief that he was entitled to drive, as Minyard did not have legal authorization to drive nor did he have permission, as the permission he received was void due to fraud.

1. Minyard did not have Legal Authorization to Drive

The parties do not disagree as to whether Minyard was legally allowed to drive. Defendants assert, and Plaintiffs do not dispute, that Minyard was unlicensed and in violation of numerous requirements of his learner's permit.[3] (Br. in Supp. of Defs.' Mot. for Summ. J. at 2; Mem. in Opp'n to Defs.' Mot. for Summ. J., ECF No. 31.) Minyard admits he did not believe he was legally entitled to drive:

---

[3] Minyard was driving with a front seat passenger that was not over the age of 21 and had more than one passenger that was under 21. (Br. in Supp. of Defs.' Mot. for Summ. J. at 2, 8.)

8

> No. I mean, to be honest, I knew it wasn't all right to drive around. One, she's not a family member, and two, it has to be a family member that's at least twenty-one to drive with if you have a permit. So I never thought that I was in the right to be driving the car. I knew I was in the wrong . . . the whole time.

(Ex. D of Br. in Supp. of Defs.' Mot. for Summ. J. at 27-28, ECF No. 30-4.) It is clear that Minyard did not have a reasonable belief that he was legally entitled to drive.

### 2. Fraud Invalidated Minyard's Permission to Drive

Defendants contend that Minyard obtained permission to drive by fraud, and, as a result, the permission was void. The Court agrees with this contention.

The facts of this case are similar to several other cases in which lying about being licensed to drive voided the driver's permission to drive. In *New Hampshire Ins. Co. v. Myers*, a party made multiple false statements to the owner of a truck, including that he had a driver's license and auto insurance, in order to obtain permission to use the owner's truck. 848 P.2d 221, 222 (Wash. Ct. App. 1993). In *Lusk v. Travelers Ins. Co.*, a teacher lent her car to a student who falsely told her that she had a driver's license, and the student crashed the car. 250 So. 2d 197, 198 (La. 1971). And, in *Fed. Kemper Ins. Co. v. Neary*, an unlicensed minor driver obtained permission from an insured's son to drive the insured's car after lying about having a driver's license and being sixteen. 530 A.2d 929, 929 (1987). All three cases resulted in the permission being declared void and coverage being denied. *Myers*, 848 P.2d at 223 ("[A]s a general rule, permission obtained through fraud is void and thus precludes coverage"); *Lusk*, 250 So. 2d at 202 (holding that permission was void as permission was not "voluntarily given"); *Neary*, 366 530 A.2d at 933 ("[W]here permission to use an insured automobile is obtained through fraud or deception, it is void").

The Court finds that Minyard obtained permission by fraud, and, therefore, the permission was void. Since permission was void, Minyard did not have a reasonable belief that he was entitled to drive the vehicle.

9

### C. Virginia's Omnibus Statute does not Compel Defendants to Provide Coverage

The parties disagree about whether Virginia's Omnibus Statute compels Defendants to provide coverage to Minyard. The relevant parts of the Omnibus Statute are:

> No policy or contract of bodily injury or property damage liability insurance, covering liability arising from the ownership, maintenance, or use of any motor vehicle . . . shall be issued or delivered in the Commonwealth to the *owner of such vehicle* . . . unless the policy contains a provision insuring the named insured, and any other person using or responsible for the *use of the motor vehicle . . . with the expressed or implied consent of the named insured*, against liability for death or injury sustained, or loss or damage incurred within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle . . . by the named insured or by any such person . . . .

Va. Code Ann. § 38.2-2204(A) (emphasis added). Plaintiffs construe the statute as encompassing Defendants' policies by relying on the "use of the motor vehicle . . . with the expressed or implied consent of the named insured" language. (Mem. in Opp'n to Defs.' Mot. for Summ. J. at 6.) However, they fail to consider the statute as a whole, which clearly states that it is discussing "the owner of such vehicle['s]" insurance.

Defendants correctly assert that the Omnibus Statute is only applicable to insurance that covers the vehicle involved in the accident, not insurance over a vehicle owned by the driver that was not involved in the accident. "[I]n order for one's use and operation of [a vehicle] to be within the meaning of the omnibus coverage clause requiring the permission of the named insured, the latter must, as a general rule, own the insured vehicle." *Selective Way Ins. Co. v. Apple*, No. 3:13cv42, 2014 U.S. Dist. LEXIS 40629, at *6 (W.D. Va. Mar. 27, 2014) (quoting *Nationwide Mut. Ins. Co. v. Cole*, 124 S.E.2d 203, 206 (Va. 1962)). The purpose of the Omnibus Statute is "to protect the public from loss caused by negligent permissive users of insured motor vehicles." *Gov't Emps. Ins. Co. v. Moore*, 580 S.E.2d 823, 827 n.2 (Va. 2003). The relevant insurance for the Omnibus Statute is the insurance covering the vehicle, not the driver.

10

Plaintiffs' argument is similar to the argument made by the plaintiff in *American Motorists Ins. Co. v. Kaplan*. In that case, a man was involved in a car accident while test driving a vehicle. 161 S.E.2d 675, 676-77 (Va. 1968). The car dealership was insured by American Motorists Insurance, and the driver was insured under his uncle's policy with Government Employees Insurance Co. *Id*. Plaintiff secured a judgment against the driver and brought a declaratory judgment against both insurance companies to determine which company was liable. *Id.* at 676. The court determined that American Insurance was primarily liable, as "the omnibus statute does not require that coverage be afforded [to] a permissive user of a non-owned vehicle." *Id.* at 679 (citation omitted). It only requires that the owner's policy extend coverage to a permissive user for liability "resulting in the operation or use of such [owner's] vehicle." *Id.*; *see also Nat'l Liab. & Fire Ins. Co. v. State Farm Fire & Cas. Ins. Co.*, 734 Fed. App'x. 889, 892 (4th Cir. 2018) ("[The Supreme Court of Virginia] determined that while the Omnibus Statue did apply to the automobile insurance as a whole, it did not prohibit limitations on the coverage provided to permissive users of non-owned vehicles").

The Court finds that Exclusion A.8 of Defendants' policy is not prohibited by the Omnibus Statute.

**D. Nationwide is not Estopped from Arguing that Fraud Voided Permission**

Plaintiffs contend that Defendants should be estopped from raising arguments that were not in Defendants' denial of insurance coverage letters and estopped from using arguments that were not raised before the discovery deadline. (Mem. in Opp'n to Defs.' Mot. for Summ. J. at 9.) Specifically, Plaintiffs contend that Defendants should be estopped from arguing that fraud invalidated permission, as that argument was not included in the denial of coverage letters. *Id.* The Court finds that estoppel would be inappropriate in this case.

It is a well-established principle that estoppel cannot be used to extend coverage where there is none. *See Blue Cross & Blue Shield v. Wingfield*, 391 S.E.2d 73, 74-75 (1990); *Auto. Ins. Co. v. Hayes.*, No. 2:09cv2, 2010 U.S. Dist. LEXIS 5433, at *16 (E.D. Va. Jan. 8, 2010). The Virginia Supreme Court has even held that forms filed by the insurance company stating "[insured's] policy was in force and effect and covered the drivers . . . did not estop the company from denying coverage when in fact there was no coverage." *Mulvey Constr., Inc. v. Bituminous Cas. Corp.*, 571 Fed. App'x. 150, 158 (4th Cir. 2014) (quoting *Norman v. Ins. Co. of N. Am.*, 239 S.E.2d 902, 908 (Va. 1978)).

Estoppel was also argued in *Gordon v. Liberty Mutual Insurance Co.*, where a man was involved in a car accident while driving a car he borrowed from an individual who had rented the car from a rental company. 675 F. Supp. 321, 322 (E.D. Va. 1987). The plaintiff alleged that the notice provided by the insurance company was inadequate, and thus the insurance company was estopped from using provisions of its policy, that were not in the denial letter, to deny coverage. *Id.* at 323. The court found that "the estoppel principle cannot operate to prevent [the insurance company] from showing that the policy, by its terms, simply does not cover [the plaintiff] under the circumstances of this case." *Id.*

Defendants in the present case provided ample notice to Plaintiffs. The denial of insurance coverage letters sent by Defendants clearly state that the reason for denying coverage was because Minyard "could not have had a reasonable belief that he was entitled to drive the car under those circumstances that night."[4] Furthermore, Defendants have shown that the policy, by its terms, does not cover Minyard under the circumstances.

---

[4] Plaintiffs appear to be confused about the exact nature of Defendants' argument. Defendants have argued that fraud voided permission, thus making Minyard's belief, that he was entitled to drive the car, unreasonable. (*See* Br. in Supp. of Defs.' Mot. for Summ. J. at 18.) Thus, Defendants are still relying on Exclusion A.8. to deny coverage.

Therefore, the Court finds that Defendants are not estopped from arguing that Minyard obtained permission fraudulently.

## IV. CONCLUSION

For the foregoing reasons, the Court will GRANT the Defendants' Motion for Summary Judgment and DENY the Plaintiffs' Motion for Summary Judgment as moot.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: September 13, 2021

---

Plaintiffs seemed to have misinterpreted this as a new argument using Exclusion F which would pertain to fraudulent statements made by the insured to the insurer. (Mem. in Opp'n to Defs.' Mot. for Summ. J. at 10.)

13